IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CURTIS TODD FOOSE,** | : | |
| Petitioner | : | |
| | : | No. 1:19-cv-893 |
| v. | : | |
| | : | (Judge Kane) |
| **SUPERINTENDENT, et al.,** | : | |
| Respondents | : | |

**MEMORANDUM**

Pending before the Court is pro se Petitioner Curtis Todd Foose ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] (Doc. No. 1), as well as his motion for leave to proceed in forma pauperis (Doc. No. 2). For the following reasons, the Court will grant Petitioner's motion for leave to proceed in forma pauperis for the sole purpose of initiating the above-captioned action, construe his petition as a motion for relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, and, so construed, deny his motion for relief.

**I.      BACKGROUND**

On May 24, 2019, Petitioner, who previously filed an unsuccessful federal habeas corpus action with this Court, initiated the above-captioned action. (Doc. No. 1.) As chronicled by this Court in Petitioner's previous habeas action, he pled guilty to third-degree murder in the Court of Common Pleas for Schuylkill County and, on November 5, 2010, was sentenced to forty-seven and a half (47 ½) to ninety-five (95) years of incarceration. See Foose v. Mooney, No. 18-1176 (M.D. Pa. Nov. 28, 2018). His judgment of sentence was affirmed on direct appeal to the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on May 30, 2014. (Id.)

---

[1] Although Petitioner used the form for inmates seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, his petition indicates that he is challenging a state conviction.

Petitioner filed a Post Conviction Relief Act ("PCRA") petition with the trial court on July 1, 2015. (Id.) On July 7, 2017, the PCRA court denied Petitioner's PCRA petition, and Petitioner did not appeal to the Superior Court. (Id.) On June 8, 2018, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. (Id.) On September 19, 2018, this Court ordered Petitioner to show cause why his petition should not be dismissed as untimely. (Id.) The Court warned Petitioner that failure to respond would result in the dismissal of his petition. (Id.) Petitioner did not file a response. Accordingly, on November 28, 2018, the Court issued a Memorandum and Order dismissing Petitioner's petition as untimely, denying a certificate of appealability ("COA"), and directing the Clerk of Court to close the case. (Id.) Petitioner did not appeal to the United States Court of Appeals for the Third Circuit.

On May 24, 2019, Petitioner filed the instant § 2254 petition with this Court. (Doc. No. 1.) As his sole ground for relief, Petitioner alleges that prison officials denied him access to the courts, in violation of the First Amendment, by failing to provide "adequate law libraries and adequate assistance from persons trained in the law." (Id. at 7.) Petitioner claims that he is "indigent and illiterate" and has experienced difficulty in accessing the law library at the State Correctional Institution Retreat in Hunlock Creek, Pennsylvania ("SCI Retreat"), where he is presently incarcerated. (Id.) He maintains that because he was denied his right to access the courts, he was unable to respond to this Court's order directing him to show cause why his previous habeas petition should not be dismissed as untimely. (Id. at 20.) He requests that the Court "reopen [his] case and look at [his] constitutional rights and violations and grant [him] relief." (Id. at 8.)

## II.     LEGAL STANDARD

Although Petitioner has initiated the above-captioned action by filing a § 2254 petition, it appears that the relief he seeks is for the Court to reopen his previous federal habeas proceedings and reconsider its determination that his previous habeas petition was untimely filed. Accordingly, the Court construes the instant § 2254 petition to be a motion seeking relief pursuant to Federal Rule of Civil Procedure 60(b)(6). See Gonzalez v. Crosby, 545 U.S. 524, 534-35, 538 (2005) (concluding that inmate petitioner's motion for relief under Rule 60(b)(6), which challenged the district court's previous ruling that his federal habeas petition was time-barred, was not the equivalent of an unauthorized second or successive habeas petition).

Rule 60(b)(6) states that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . for . . . any other reason that justifies relief." See Fed. R. Civ. P. 60(b)(6). It is well settled that "the remedy provided by [R]ule 60(b)(6) is 'extraordinary, and special circumstances must justify granting relief under it.'" See Green v. White, 319 F.3d 560, 563 n.1 (3d Cir. 2003) (quoting Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986)); see also Gonzalez, 545 U.S. at 535 (stating that extraordinary circumstances "will rarely occur in the habeas context"); Agostini v. Felton, 521 U.S. 203, 239 (1997) ("[I]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)."). Motions filed pursuant to Rule 60(b) are "directed to the discretion of the trial court, and its exercise of that discretion will not be disturbed unless there [is] clear error and abuse of discretion." See SEC v. Warren, 583 F.2d 115, 120 (3d Cir. 1978).

Additionally, all motions filed pursuant to Rule 60(b) "must be made within a reasonable time." See Fed. R. Civ. P. 60(c). Therefore, in addition to establishing extraordinary

circumstances to justify the relief provided by Rule 60(b)(6), a petitioner who has been dilatory in filing must also establish extraordinary circumstances to allow for the motion to be heard:

> What constitutes a "reasonable time" depends on the circumstances of each case. Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir. 1959). A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties. Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir. 1986); Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981). What constitutes a "reasonable time" also depends on which Rule 60(b) clause a claimant is trying to avail. We have noted that relief under Rule 60(b)(6) is extraordinary because it can be given for "any other reason justifying relief" and is not subject to an explicit time limit. Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002). Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6).

In re Diet Drugs (Phenterminel/Fenfluraminel/Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010).

## III. DISCUSSION

The instant petition, which the Court has construed as a Rule 60(b)(6) motion, appears to challenge this Court's November 28, 2018 Memorandum and Order dismissing as time-barred the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed in Foose v. Mooney, No. 18-1176 (M.D. Pa. Nov. 28, 2018). Petitioner contends that he is entitled to relief because he was unable to respond to the Court's show cause order because prison officials failed to provide "adequate law libraries and adequate assistance from persons trained in the law." (Doc. No. 1 at 7.) Petitioner also appears to suggest that such failure should excuse the untimeliness of his previous habeas petition. (Id. at 16.) As noted above, Petitioner asks that this Court "reopen" his case. (Id. at 8.)

Petitioner does not address the six (6)-month period between this Court's dismissal of his previous habeas petition and the present. He has not put forth any argument justifying his failure

4

to seek the reopening of his habeas proceedings within a "reasonable time."  For that reason alone, Petitioner's motion for relief under Rule 60(b) must be denied.  See Sorbo v. UPS, 432 F.3d 1169, 1178 (10th Cir. 2005) (affirming district court's holding that a Rule 60(b) motion made within a year of summary judgment proceedings was not "made within a reasonable time" because plaintiff had not given "sufficient justification for the delay"); see also In re Diet Drugs, 383 F. App'x at 246 (citing Sorbo, 432 F.3d at 1178 n.7).

Even if Petitioner's motion were timely, the Court finds that his arguments for reopening his habeas proceedings are without merit.  As an initial matter, "'[l]egal error does not by itself warrant the application of Rule 60(b) . . . .  Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6).'"  Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 173 (3d Cir. 2004) (quoting Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977)).  Petitioner had the opportunity to appeal this Court's dismissal of his previous habeas petition as untimely.  However, he did not.

As noted above, Petitioner believes that "governmental interference" should excuse the untimeliness of his previous habeas petition.  He argues that prison officials failed to provide "adequate law libraries and adequate assistance from persons trained in the law." (Doc. No. 1 at 7.)  The Court construes Petitioner's argument to be that he is entitled to belated commencement of the one-year statute of limitations applicable to § 2254 petitions.  Under 28 U.S.C. § 2244(d)(1)(B), the statute of limitations may, if applicable, begin to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  See 28 U.S.C. § 2244(d)(1)(B).

As a prisoner, Petitioner does have a "constitutional right of access to the courts." See Bounds v. Smith, 430 U.S. 817, 821 (1977). Corrections officers may satisfy their obligation with respect to this right "by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. To the extent that Petitioner faults officials for failing to provide assistance from attorneys, however, the lack of such does not violate the Constitution because Petitioner has no constitutional right to counsel in habeas corpus proceedings. See Coleman v. Thompson, 501 U.S. 722, 752 (1991). Moreover, while the provision of an inadequate law library can constitute a State-created impediment sufficient to warrant belated commencement of the statute of limitations under § 2244(d)(1)(B), see Green v. Kerestes, No. 1:13-CV-827, 2013 WL 6567912, at *5 (M.D. Pa. Dec. 13, 2013), an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." See Lewis v. Casey, 518 U.S. 343, 351 (1996). Therefore, "to invoke § 2244(d)(1)(B)'s tolling provision . . . an inmate must explain how the prison's alleged constitutional deficiencies hindered his efforts to pursue his claim within the prescribed statute of limitations." See Mayes v. Province, 376 F. App'x 815, 816-17 (10th Cir. 2010); see also Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (denying inmate petitioner relief under § 2244(d)(1)(B) because petitioner "provided no specificity regarding the alleged lack of access" and how it impacted his delay in filing his habeas petition). Here, Petitioner has failed to specify how the allegedly inadequate law library prevented him from timely filing his previous habeas petition. Indeed, Petitioner suggests that these impediments have not yet been removed, but yet does not explain how he was able to file his previous habeas petition after the limitation period had expired but could not do so before. See Snyder v. Clark, No. 7:17-cv-00548, 2019 WL

6

1007099, at *1 n.1 (W.D. Va. Mar. 1, 2019).  Thus, Petitioner fails to demonstrate entitlement to belated commencement of the limitations period under § 2244(d)(1)(B).

Relief under Rule 60(b)(6) should be made available only if a petitioner demonstrates circumstances that overcome the "overriding interest in the finality and repose of judgments." See Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (citations and internal quotation marks omitted).  Here, Petitioner has failed to establish such an extraordinary set of circumstances.  Therefore, the Court will deny his § 2254 petition, construed as a motion for relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA is also required to appeal the denial of a Rule 60(b) motion.  See Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999).  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473,

484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

**V.      CONCLUSION**

For the reasons set forth above, Petitioner's motion for leave to proceed in forma pauperis (Doc. No. 2) will be granted for the sole purpose of initiating the above-captioned action. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), which the Court has construed as a motion for relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, will be denied. A COA will not issue. An appropriate Order follows.